The Honorable Billy Joe Purdom State Representative Box 34 Yellville, Arkansas 72687
Dear Representative Purdom:
This is in response to your request for an opinion regarding Act 14 of 1987. You have asked the following specific question in this regard:
 Would the Marion County Quorum Court have the authority to reduce the Juvenile Intake and Probation Officer's salaries after the passage of Act 14 of 1987?
Section 8 of Act 14 states in pertinent part as follows:
 Provided, it shall be the duty of the county judge of each county in this State and of the quorum court of each county in this State, to appropriate and make available to the juvenile division of the circuit court and the juvenile division of the probate court of their respective counties an amount of financial support for the 1987 county fiscal year and for each county fiscal year hereafter, which shall not be less than the amount appropriated for the support of the juvenile court of each county for the 1987 county fiscal year. . . . If any county in this State shall fail to appropriate and make available an aggregate amount of county funds . . . as was appropriated and provided for the support of the juvenile court of the county for the 1987 county fiscal year, . . . said fact shall be certified by the judge of such divisions to the Treasurer of the State of Arkansas, who shall withhold from any general revenues turnback funds to the county the amount thereof.
Act 14 is clear in mandating that the amount appropriated and made available not be less than the amount appropriated and provided for the juvenile court for the 1987 fiscal year. A question arises, however, with respect to when this amount is determined. Since the 1987 county fiscal year runs until December 31, 1987, the amount appropriated and provided for the juvenile court cannot be determined until that date. The Quorum Court may continue to make appropriations for the 1987 fiscal year, including appropriations for salaries, up to that date.
It is significant to note that Act 14 of 1987 does not on its face address specific expenditures, such as salaries. It is directed, instead, to the "aggregate amount of county funds . . . appropriated and provided. . . ." It may therefore be successfully contended that the Quorum Court's action with respect to such salaries is not contrary to the Act, so long as action taken on January 1, 1988 or thereafter does not operate to reduce the aggregate amount appropriated and provided for the 1987 fiscal year.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.